STEPHEN FARNUM, *Adm'r*, *versus* CHARLES E. VIRGIN.

By c. 79, of the Public Laws of 1859, if the representative party, mentioned in R. S., c. 82, § 83, be only nominally such, the interest being in another or others, in whose name, or names, the action might have been brought, or defended, the five sections mentioned in said chapter 82 shall apply, and such nominal party and the adverse party may be examined as witnesses.

If the intestate were owner of the note in suit, the administrator of the intestate could not be regarded as a nominal party.

In an action by an administrator of a deceased party, against the maker of a note, the defendant will not be permitted to testify that he paid the plaintiff's intestate the contents of the note before the latter's death.

Farnum *v.* Virgin.

If the maker of a note, payable in part in specific articles, expressly promise to pay its contents to the assignee of the same, the latter may maintain an action in his own name.

A verdict will not be set aside as being against evidence, unless it is manifestly so.

On Exceptions to the ruling of Barrows, J., at *Nisi Prius*, and a motion to set aside the verdict, as being against evidence.

Assumpsit on one negotiable promissory note, and two notes payable, in part, in specific articles. The notes were indorsed by the payee, (who was a *femme sole*, when they were given, but since married,) and her husband.

There was testimony tending to show that the defendant, the maker of the notes, made an express promise to pay the notes to the intestate, in her lifetime, and also to the administrator, since her death.

The defendant, called by his counsel as a witness, was asked "whether or not he had fully paid each of said notes to the payee, long before the decease of the plaintiff's intestate?" The presiding Judge excluded the answer. To which ruling the defendant excepted.

The verdict was for the plaintiff.

*D. Hammons*, for the defendant.

*Bolster & Richardson*, for the plaintiff.

The opinion of the Court was drawn by

Appleton, C. J.—As the plaintiff sues as administrator, the parties would not be admissible under R. S., 1857, c. 82, § 83.

By the Act of 1862, c. 109, they would be competent witnesses as to facts happening *after* the decease of the plaintiff's intestate. But the defendant was asked if he had not paid the notes in controversy *before* the decease of Nancy Virgin, upon whose estate the plaintiff is administrator. The answer to this inquiry was properly excluded.

The plaintiff is no more a nominal party than any other

administrator or executor, who is prosecuting the claims of the estate of his intestate. The statute of 1859, c. 79, does not declare administrators or executors, *as such*, to be nominal parties. If it were to be held that all administrators and executors were nominal parties, it would operate as a repeal of R. S., 1857, c. 82, § 83, which certainly was not the intention of the Legislature. The general rule as established by R. S., 1857, is only modified so far as relates to the executors or administrators of nominal parties and not otherwise. Nancy Virgin, if the owner of the notes, could not be regarded as a nominal party. The plaintiff, therefore, is not the administrator of a nominal party. *Drew* v. *Roberts*, 48 Maine, 35.

Two of the notes in suit were payable in part in specific articles and, consequently, were not negotiable. But, when an express promise to pay the assignee is proved, an action may be maintained in his name. *Smith* v. *Berry*, 18 Maine, 122. The jury must have found there was such promise.

The evidence is not so clear for the defendant as to require us, upon legal principles, to set aside the verdict rendered against him.     *Motion and exceptions overruled.*

*Judgment on the verdict.*

CUTTING, DAVIS, KENT, WALTON and BARROWS, JJ., concurred.